UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

JONAH MOORE #208999,

        Plaintiff,                Case No. 2:10-cv-213

v.                                         Honorable R. Allan Edgar

MICHIGAN DEPARTMENT
OF CORRECTIONS, et al.,

        Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff initially filed his case in the United States District Court for the Eastern District of Michigan. On August 23, 2010, the court granted Plaintiff's application to proceed *in forma pauperis*. On August 27, 2010, the Eastern District dismissed Defendant Michigan Department of Corrections and transferred the case to this court. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Discussion**

I. <u>Factual allegations</u>

In his complaint, Plaintiff sues Defendants Patricia L. Caruso, Terri Lynn Land, the State of Michigan, the Social Security Administration, and Walter Shapiro. Plaintiff claims that Defendants Shapiro, Social Security Administration, and Caruso are stealing his social security card. Plaintiff states that he wrote to the Social Security Administration and requested his card, but was told that he could not receive a special card because he did not meet the requirement specified in the agreement between the State of Michigan and the Social Security Administration. Plaintiff also alleges that an employee working in the office is stealing his social security number by changing one number and selling the number to an immigrant Mexican. In addition, Plaintiff alleges that Defendants Land and Caruso have sold his identity card and Michigan driver's license and are selling it to an immigrant Mexican. Plaintiff states that Defendant Land refused to give him an application for voter registration.

II. <u>Failure to state a claim</u>

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff may not maintain a § 1983 action against the State of Michigan. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, if the state has not waived immunity and Congress has not expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State

of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). Therefore, the Court dismisses the State of Michigan.

Furthermore, Plaintiff contends that he has a claim against Defendants pursuant to Section 1983, as a result of their refusal to provide him with a special social security card, Michigan driver's license / identity card and voter registration application. However, Plaintiff has no federal right to force Defendants to provide him with those documents. The purpose of Section 1983 is to provide a remedy for the deprivation of federal rights by a state official's abuse of his position while acting under color of state law. If there has been no violation of a federal right, Section 1983 is not applicable. *McKnight v. Rees*, 88 F.3d 417, 419 (6th Cir. 1996), *aff'd*, 521 U.S. 399, 117 S. Ct. 2100 (1997); *Hodge v. Jones*, 31 F.3d 157, 168 (4th Cir.), *cert. denied*, 513 U.S. 1018, 115 S. Ct. 581 (1994). Moreover, if Plaintiff is correct and Defendants are changing one of the numbers in his social security number in order to sell the new number to a Mexican immigrant, the number is no longer Plaintiff's social security number. With regard to Plaintiff's request for an identity card and voter registration application, the court notes that persons serving a sentence in jail or prison are not eligible to register to vote. (*See* http://www.michigan.gov/documents/MIVoterRegistration_97046_7.pdf.) Plaintiff has not shown how any of the asserted actions by Defendants have violated a federal right. Therefore, because Plaintiff has not alleged the violation of a federal right, his Section 1983 action is properly dismissed.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:    10/12/2010            /s/ R. Allan Edgar
                                R. Allan Edgar
                                United States District Judge